Filed 11/6/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CRAIG PETREE et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> PUBLIC EMPLOYEES' RETIREMENT SYSTEM et al., <br><br> Defendants and Respondents. | D082749 <br><br> (Super. Ct. No. RIC1813033) |

APPEAL from a judgment of the Superior Court of Riverside County, Daniel A. Ottolia, Judge. Request for judicial notice denied. Affirmed.

Law Office of Michael A. Conger and Michael A. Conger for Plaintiffs and Appellants.

Matthew G. Jacobs, Elizabeth Yelland and Austa Wakily for Defendant and Respondent Public Employees' Retirement System.

Renee Public Law Group, Arthur A. Hartinger, Steve Cikes, Ryan P. McGinley-Stempel and Imran M. Dar for Defendant and Respondent County of Riverside.

Plaintiffs are former officers with the City of Perris Police Department (Perris PD) or their surviving spouses. In 1996, when the City of Perris (City) decided to close its police department and contract with Riverside County (County) for municipal law enforcement services, the officers were hired as deputies with the Riverside County Sheriff (Sheriff's Department). Plaintiffs claim that the closure of the Perris PD, combined with the Sheriff's Department's decision to hire the officers as deputies, resulted in a merger of the two departments under Government Code[1] section 20508. As a result, plaintiffs contend, Riverside County and the Public Employees Retirement Service (CalPERS) must credit the officers' service with the Perris PD as service with the Sheriff's Department, which would entitle them to a more generous pension for their police service.

Construing section 20508, the trial court determined that service credits would transfer only where there was a merger of *contracts* between successive employing agencies and CalPERS. Here, however, the court correctly concluded that there was no merger of the contracts because the County never assumed any of the City's municipal functions, as is required for the statute to apply. Instead, the service pensions for the Perris PD officers and the Sheriff's Department deputies are calculated and paid out by CalPERS under separate contracts it has with the City and County, respectively. As a result, section 20508 has no application, and we affirm.

---

[1] All undesignated subsequent statutory references are to the Government Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Perris, California contracted with Riverside County for the Sheriff's Department to provide law enforcement services for the City.[2] Consequently, the Perris PD was disbanded. Plaintiffs are former Perris PD officers or the surviving spouses of former Perris PD officers who were hired as deputies during this transition of law enforcement services.

The Public Employees' Retirement Law (PERL) (§ 20000 et seq.) authorizes CalPERS to administer pension benefits for local public agencies that contract with it for this purpose (contracting agencies). (*Hale v. California Public Employees' Retirement System* (2022) 82 Cal.App.5th 764, 772; § 20021.) CalPERS is funded by employer and employee contributions that are calculated as a percentage of employee compensation. (*Hale*, at p. 772.) Retired employees of contracting agencies receive a pension in the amount determined by their age at retirement, number of years of service, and final compensation, which are all factored into the statutory formula the contracting agency selected for that class of employees. (*Ibid.*; § 21353 et seq.)

Plaintiffs are entitled to pension benefits for their or their spouses' service to the two law enforcement departments. The City and County are the contracting agencies that provide pensions to former Perris PD officers and deputies, respectively. Under the City's formula for law enforcement

---

[2] Sections 51301 and 51302 allow a county to provide law enforcement services to a city for up to five years per contract. Since 1996, the City and County have executed successive contracts aimed at having the Sheriff's Department provide police services indefinitely. The City specifies the level of service and pays the costs associated with it. There have been no lapses. The city attorney for Perris in 1996 testified that the City would be responsible for finding a way to provide police services if a lapse were to occur or if the contract were to be terminated.

officers, former officers who retired at age 55 or older were entitled to annual pension payments equal to 2.5 percent of their final salary multiplied by their years of service. (See former § 21252.1, Stats. 1977, ch. 368, § 5, pp. 1346– 1347 [repealed].)

When the plaintiffs or their spouses joined the Sheriff's Department, the County's formula for law enforcement officers—called "2% at 50"— entitled deputies who retired at age 50 or older to draw annual pensions equal to two percent of their final salary multiplied by their years of service. Riverside County changed this formula to three percent at 50 in 2001 and applied it to deputies' "credited prior and current service." But because the officers did not become employed by the County before 1996, the increase to the pension formula did not apply to credits earned with the Perris PD. Rather, CalPERS has consistently calculated plaintiffs' pension benefits in two separate segments: (1) one based on service credit with the Perris PD (2.5 percent at 55), and (2) another based on service credit with the Sheriff's Department (now three percent at 50).

Plaintiffs sued defendants the County and CalPERS under section 20508, contending that the statute entitled them to the three percent at 50 pension formula for their service with the Perris PD. In a nutshell, when one contracting agency's functions are assumed by another contracting agency or one contracting agency succeeds the other, the two agencies' contracts with CalPERS are merged. (§ 20508.) The succeeding agency's contract becomes a continuation of the former agency's contract, which is then terminated; however, the terms of the former agency's contract continue to govern the pension benefits of the employees of the former agency unless the succeeding agency changes the merged contract in a way that affects the employees of the former agency. (*Ibid.*) After a contract merger, the succeeding agency

4

takes on the liability to CalPERS for the service credit employees accrued with the former agency.  (*Ibid.*)

Plaintiffs' operative complaint sought a judicial declaration that the simultaneous closing of the Perris PD and the Sheriff's Department's hiring of the former officers resulted in a merger of the departments under section 20508.  They also sought a declaration that the County is liable for the officers' service credit with the Perris PD and that defendants therefore must report that service as having been given to the Sheriff's Department for pension purposes.  According to plaintiffs, because the departments merged, the 2001 increase in the County's pension formula to three percent at 50 must be applied retroactively to the officers' service in the Perris PD (instead of 2.5 percent at 55).

Following a four day bench trial, the trial court entered judgment in defendants' favor.  In its written statement of decision, the court construed section 20508 to apply only where there has been a merger of CalPERS contracts.  It found that no contracts were merged because the County neither succeeded the City nor assumed any of its functions and the agencies had not taken any steps required to merge their contracts.[3]  Thus, the County and CalPERS were not required to treat the former police officers' service as service with the Sheriff's Department.

---

[3]   As the court explained, "Before a contract is merged pursuant to section 20508, one of two scenarios must exist:  (1) a contracting agency is succeeded by another agency, or (2) the functions of a contracting agency are assumed by a succeeding agency.  Neither of these scenarios exist.  The County is not a successor agency of the City, nor has it assumed City functions."

## DISCUSSION

This appeal presents a pure question of law—the proper interpretation of section 20508 and, in particular, what triggers a "merger of contracts" that plaintiffs believe requires the Perris PD service to be credited as service with the Sheriff's Department for pension purposes. In plaintiffs' view, the two law enforcement departments "merged," which is sufficient for section 20508 to apply. They claim that the trial court should have construed section 20508 to be satisfied by a merger *of entities* and that it erred when it found that no merger had occurred. For their part, defendants interpret section 20508 to require an actual merger of the contracting agencies' CalPERS contracts, and they assert it was undisputed that no such merger occurred.

On appeal from a judgment based on a statement of decision after a bench trial, we review the court's legal conclusions de novo and its findings of fact for substantial evidence. (*McPherson v. EF Intercultural Foundation* (2020) 47 Cal.App.5th 243, 257–258.) Here, we conclude that the decisive facts are undisputed and a proper interpretation of section 20508 establishes that a merger of contracts is required before the succeeding agency takes on any of its statutory obligations. The undisputed evidence thus demonstrates that the requirements for a contract merger were not met.

Plaintiffs maintain that the County assumed the police functions of the City when the Perris PD disbanded and the Sheriff's Department began providing law enforcement services. In applying section 20508 to these facts, we endeavor to determine the meaning of the statute, that is, to "ascertain the Legislature's intent in order to effectuate the law's purpose." (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572.) The first step in ascertaining legislators' intent in enacting section 20508 is to give the statutory language a " 'plain and commonsense meaning . . . in the context of the statutory

6

framework as a whole,' " " 'giving significance to every word, phrase, sentence and part of an act in pursuit of the legislative purpose.' " (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166 (*Sierra Club*).) When the language is clear and susceptible of only one reasonable interpretation, we " 'follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' " (*Id.* at pp. 165–166.)

The requirements for a merger of contracts are discussed in the first paragraph of section 20508. It provides the language dispositive to our analysis:

> "When a contracting agency is succeeded by another agency, whether or not the former agency ceases to exist, or *when the functions of a contracting agency are assumed by a succeeding agency*, the succeeding agency, may, if it is not already a contracting agency, become a contracting agency of this system. *If a succeeding agency is* or becomes *a contracting agency, the contract of the former agency shall be merged into the contract of the succeeding agency.*" (§ 20508, italics added.)

The remaining three paragraphs describe what happens to the two agencies' contracts and the statutory obligations the succeeding agency takes on postmerger. (*Ibid.*)

At trial, an assistant division chief overseeing the pension contract and pay funding programs at CalPERS testified that merging two contracts has practical effects and involves several steps. They include: (1) one of the contracting agencies informs CalPERS they are contemplating a contract merger; (2) CalPERS reviews resolutions from each agency's governing board showing their intentions for the succeeding agency to assume the former agency's functions; (3) the Association of Local Agency Formation Commission, a state agency, approves the change in responsibility for the

7

services; (4) CalPERS prepares a cost report for the succeeding agency's review; and (5) CalPERS and the succeeding agency sign a contract amendment that reflects the merger of the two agencies' contracts. That none of these steps were taken in connection with the closure of the Perris PD in 1996 does not conclusively establish the proper interpretation of the statute. But their absence reflects, at a minimum, that neither the City nor the County viewed the contract for law enforcement services as an "assumption" of those services by the County.

Although plaintiffs' argument sometimes fails to distinguish between the County and the Sheriff's Department, the two are not synonymous. Section 20508 plainly applies only where a "contracting agency" either succeeds a prior "contracting agency" or assumes its functions. And here, the only two "contracting agencies" are the City and the County, both of which continue to exist as separate entities.[4] Thus, to invoke section 20508, plaintiffs must necessarily contend that in 1996 the County assumed the law enforcement functions of the City.

But this is not what happened. Riverside County never assumed any municipal obligations of the City of Perris. Rather, as it is permitted to do by statute, the City decided to contract with the County to provide certain governmental services within the city limits. (See § 51301.) Law enforcement inside the municipality remained the City's obligation, which it fulfilled by contracting with the County so that the Sheriff's Department

_____

[4] The Perris PD and the Sheriff's Department are not "public agencies" under PERL, as would be required to be a contracting agency. (§§ 20022, 20056, 20057.)

could provide law enforcement services. Quite clearly, the *County* never became a "succeeding agency" within the meaning of section 20508.[5]

That the City retained the obligation is also implicit in section 51302, one of the statutes that governs its law enforcement contract with the County, because it provides that the agreement can be terminated by either party. The City's ability to end the contract gives it the right to determine whether the Sheriff's Department continues to provide police services to City residents, which shows that the legal obligation ultimately rests with the City. And the fact that the County can decide it no longer wants its deputies policing the City also indicates that the legal obligation to provide the services was never assumed by the County.

Plaintiffs place great weight on two categories of undisputed evidence they believe establish that a section 20508 merger occurred, but neither satisfies the requirements of the statue as properly construed. The first category consists of evidence that persons involved in the transition of police services—such as members of the Sheriff's Department and the Perris PD, as well as persons performing administrative functions for the State—called it a merger. Although these statements are not disputed by defendants, they were made in reference to topics other than the merger of pension contracts. They do not tend to show that the City's legal obligation to provide police services was ever assumed by the County, as would be required for section 20508 to apply.

The second category references statements allegedly made by a County representative during the negotiations in 2001 that led to the increased

_____

[5] Because the plain language of section 20508 resolves the interpretational issue, we need not consider its legislative history. (*Sierra Club*, *supra*, 57 Cal.4th at p. 166.) Accordingly, the County's request for judicial notice of certain legislative history materials is denied.

9

"3% at 50" pension benefit for Riverside sheriff's deputies. Several witnesses claimed they were told that the increase would apply to Perris PD pensions. According to plaintiffs, this testimony established that the County "intended to include former Perris police officers' prior service in the retroactive increase." (Italics omitted.) But an alleged promise during labor negotiations in 2001 concerning pension benefits says nothing about whether the County assumed the City's functions in 1996. That someone made a mistake or even misrepresented the effect of a proposal sheds no light on the proper interpretation of section 20508 and whether there was ever a "merger of contracts" within the meaning of the statute.[6]

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

DATO, Acting P. J.

WE CONCUR:


BUCHANAN, J.


RUBIN, J.

---

[6] Because we affirm based on our independent interpretation of section 20508 and consideration of undisputed evidence, we find it unnecessary to reach plaintiffs' additional arguments concerning the admission of perceived lay expert testimony, the amount of deference the trial court paid to CalPERS's witnesses' testimony, and the validity of the contracts between the City and County for law enforcement services.